UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LEAH CROSS, MARCO GRANGER-RIVERA, and RYAN SCHILLING, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON LOGISTICS, INC.<br><br>Defendants. | Case No. 1:23-CV-02099 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Amazon.com, Inc. and Amazon Logistics, Inc., ("Amazon"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby remove this action from the District Court of Denver County, Colorado, to the United States District Court for the District of Colorado. Removal is based on the following grounds:

**I.   JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and the defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the District of Colorado embraces the District Court of Denver County, Colorado, where Plaintiffs Leah Cross,

1

Marco Granger-Rivera, and Ryan Schilling ("Plaintiffs") filed this action.  *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

II.  **PROCEDURAL HISTORY**

3.  On May 22, 2022, Plaintiffs filed this putative class action in the District Court of Denver County, Colorado, against Defendants Amazon.com, Inc. and Amazon Logistics, Inc.  **Ex. A** (Complaint ("Compl.")).

4.  Plaintiffs are current and former delivery drivers, known as "Delivery Associates," employed by Delivery Service Partners ("DSPs"), independent entities that contract with Amazon Logistics, Inc., to deliver packages purchased through Amazon.com Inc.'s website.  Ex. A (Compl.) ¶¶ 4, 17-19.  Although Plaintiffs are not employed by Amazon, Plaintiffs allege that Amazon should be considered Plaintiffs' "employer" as defined in the Colorado Wage Claims Act, Colorado Minimum Wage Act, and Colorado Anti-Discrimination Act.  *Id.* at 79, 86, 92, 101.

5.  Plaintiffs allege that various policies effectively prevent Delivery Associates from taking "duty-free paid rest breaks, as required by Colorado law" and that the DSPs' drivers are "not paid for those missed rest breaks."  Ex. A (Compl.) ¶ 43.  Based on this alleged conduct, Plaintiffs bring claims on behalf of themselves and all similarly situated employees under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* and for Civil Theft pursuant to C.R.S. § 18-4-405, to recover their allegedly unpaid wages, other compensatory damages (including damages for emotional distress), available statutory penalties, and attorneys' fees and costs.  Ex. A (Compl.) ¶¶ 83, 84, 89, 90, 98, 99.

6.  Plaintiffs define their putative "Rest Break Class" to include "[a]ll employees who delivered packages for Amazon as DSP drivers in Colorado from six years prior to the filing of this lawsuit through final judgment." Ex. A (Compl.) ¶ 76.

7.  Additionally, Plaintiff Cross claims that certain policies and procedures have a

2

disparate impact on Delivery Associates with "typical female anatomy" and therefore violate the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401, *et seq*. Ex. A (Compl.) ¶¶ 103-104. Plaintiff Cross brings this claim on behalf of herself and all similarly situated DSP delivery drivers. *Id.*

8. Plaintiff Cross defines this putative "Disparate Impact Class" to include "[a]ll employees who have typical female anatomy and delivered packages for Amazon as DSP drivers in Colorado." Ex. A (Compl.) ¶ 76. Plaintiff Cross alleges that she, and all members of the putative class are entitled to compensatory and punitive damages. *Id.* ¶ 113.

9. On May 22, 2023, the Court issued its Delay Reduction Order. **Ex. B.**

10. On July 18, 2023, Plaintiffs served a copy of the Complaint and Summons on Amazon. **Ex. C**.

11. On July 28, 2023, Amazon filed its Unopposed Motion for Extension of Time to File Responsive Pleading. **Ex. D.**

12. On July 31, 2023, the Court granted Amazon's Motion for Extension of Time to File Responsive Pleading. **Ex. E.**

13. No further proceedings have taken place in State Court. **Ex. F** (state court case file and docket sheet).

### III. REMOVAL IS TIMELY

14. The 30-day removal clock under 28 U.S.C. § 1446(b) has not started to run because Plaintiffs have not provided Amazon with "clear and unequivocal notice that the suit is removable." *Paros Properties LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1269 (10th Cir. 2016). Specifically, neither the Complaint nor any other paper in this action includes "any indication of how many employees could be in the class or the amount that each employee is owed." *Garitano v. Chick-fil-a, Inc.,* No. 20-cv-03631-PAB-KMT, 2021 WL 287788, at *3 (D. Colo. Jan. 28, 2021) (holding that complaint did not "contain a clear and unequivocal basis for defendant to ascertain removability and

did not trigger the 30-day clock of § 1446(b)(1)"). Thus, this removal is timely.

15. Additionally, this removal is timely because Amazon filed this Notice of Removal within thirty days of service of the Complaint. Plaintiffs served the registered agent for Amazon on July 18, 2023. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of the summons and complaint).

16. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**IV.   THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

17. Removal based upon Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and one Defendant, (ii) the aggregate number of putative class members in all proposed classes is 100 or greater; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453. Although Amazon disputes Plaintiffs' factual allegations and denies that Plaintiffs—or the putative classes they purport to represent—are entitled to the relief requested, based on Plaintiffs' allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.

**A.   Diversity of Citizenship Exists.**

18. To establish CAFA's diversity requirement, a removing party seeking removal must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Diversity exists in this action because at least one putative class member is a citizen of Colorado and Defendants are citizens of Washington

and Delaware for diversity purposes.

            1.      **Plaintiffs are Citizens of Colorado.**

19.      Each of the named Plaintiffs allege that they are "resident[s] of the State of Colorado" who currently work or have worked as "delivery driver[s] in Colorado." Ex. A (Compl.) ¶¶ 17-19. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Here, at a minimum, each named Plaintiff resides in Colorado, and there is no indication in the Complaint that they have established domicile elsewhere. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("To effect a change in domicile, two things are indispensable: First residence in a new domicile, and second, the intention to remain there indefinitely."). Accordingly, the named Plaintiffs are citizens of Colorado for purposes of diversity jurisdiction, and therefore at least one putative class member is a citizen of California for diversity jurisdiction purposes.

            2.      **Amazon.com, Inc. and Amazon Logistics, Inc. are a Citizens of Delaware and Washington.**

20.      Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "officers direct, control, and coordinate the corporation's activities," which, "in practice," normally is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

21.      As Plaintiffs' Complaint acknowledges, Defendants Amazon.com, Inc. and Amazon

Logistics, Inc. are Delaware corporations that maintain their principal place of business in the State of Washington. Ex. A (Compl.) ¶¶ 15-16.

22. Defendant Amazon.com, Inc., is a corporation organized under the laws of the State of Delaware. Ex. A (Compl.) ¶ 15. Its principal place of business and corporate headquarters is in Seattle, Washington, where its officers direct, control, and coordinate corporate activities. *Id.*

23. Similarly, Defendant Amazon Logistics, Inc. is a corporation organized under the laws of the State of Delaware. Ex. A (Compl.) ¶ 16. Its principal place of business and corporate headquarters is in Seattle, Washington, where its officers direct, control, and coordinate corporate activities. *Id.*

24. As a result, Defendants are now, and were at the time of the filing of this action, citizens of the State of Washington and Delaware within the meaning of the statutes governing removal.

**B.      The Putative Rest Break Class has More than 100 Members.**

25. CAFA's requirement that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater is satisfied here because the putative class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

26. Plaintiffs seek to represent "all employees who delivered packages for Amazon as DSP drivers in Colorado from six years prior to the filing of this lawsuit through final judgment." Ex. A (Compl.) ¶ 76. Defendants dispute that this is the applicable limitations period for any of the class claims, but because the grounds for removal are based on Plaintiffs' allegations in the Complaint, Amazon uses May 22, 2017 as the beginning date for Plaintiffs' putative class allegations.

27. Plaintiffs' Complaint contains no allegations regarding the size of the putative Rest Break Class. Ex. A (Compl.).

28. However, based on Plaintiffs' definitions of the putative classes (which Amazon

6

accepts for purposes of removal only) and data regarding DSPs located in Colorado, the size of the Rest Break Class alone far exceeds 100 members. Indeed, the DSPs that have employed one of the Plaintiffs also have employed in Colorado at least 1,500 other Delivery Associates during the class period.[1]

29. Thus, the CAFA class-size requirement is satisfied.

**C.      The Amount in Controversy Exceeds $5,0000,000.[2]**

30. CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(6).

31. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. In assessing removal, "a district court may rely on the allegations in the complaint and the information provided in the notice of removal." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023). "Only when the plaintiff contests, or the court questions, the defendant's allegations is evidence establishing jurisdiction required." *Id.* (internal quotations omitted).

---

[1] In the Complaint, Plaintiffs do not identify the DSPs that employed them, but business records reflect that Skybridge Delivery, LLC employed Plaintiff Cross, Bison Peak, LLC employed Plaintiff Schilling, and Plaintiff Granger-Rivera has been employed by Peak Delivery Services, LLC, Podium Logistics, LLC, Inland Xmile, Inc., and Alpha Zulu Logistics LLC.

[2] This Notice of Removal addresses the nature and amount of alleged damages that the Complaint places in controversy. Amazon refers to specific damages estimates and cites to comparable cases solely to establish that the alleged amount in controversy exceeds the jurisdictional minimum. Amazon maintains that Plaintiffs' claims lack merit and that Amazon is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. In addition, Amazon denies that this case is suitable for class treatment.

32. In establishing the amount in controversy for removal, Amazon need only demonstrate that "a fact finder *might* legally conclude that damages exceed the statutory amount." *Hammond v. Stamps.com, Inc.,* 844 F.3d 909, 912 (10th Cir. 2016) (emphasis in original); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plaint' need not contain evidentiary submissions").

33. Notably, Plaintiffs do *not* allege the amount-in-controversy in this lawsuit is somehow $5 million or *less*. *See* Ex. A (Compl.).

**D.  Plaintiffs' First Cause of Action Places at Least $9 Million in Controversy.**

34. Here, a reasonable estimate based on the allegations in the Complaint shows the amount in controversy on Plaintiffs' Colorado Wage Claim Act (Count I) alone exceeds $5 million. Ex. A (Compl.) ¶¶ 78-84.

35. In their Complaint, Plaintiffs contend that the Colorado Wage Claim Act entitles them and all members of the putative Rest Break Class "to all unpaid wages" as well as "other compensatory damages, including damages for emotional distress, and penalties." Ex. A (Compl.) ¶ 83 (citing C.R.S. §§ 8-4-103, -109, and -110).

36. Plaintiffs allege that Colorado law requires employers to provide all workers with paid, 10-minute duty-free rest breaks for every four hours of work. Ex. A (Compl.) ¶¶ 12, 56. Plaintiffs further allege that Delivery Associates routinely "work through their rest breaks" and are not paid for missed breaks. *Id.*

37. Based on these allegations, the aggregate unpaid wages sought under Count I on behalf of the putative class can be estimated through the following steps. First, find the number of delivery routes handled by DSPs in Colorado during the class period. Typically, a DSP assigns one Delivery Associate per route per day and a "day" is approximately eight hours. Based on the allegations of the Complaint, Delivery Associates were entitled to two 10-minute breaks per route. Second, multiply

8

the total number of routes by 20. This product represents the total number of alleged unpaid minutes because Plaintiffs allege they never received rest breaks. That is, Plaintiffs allege a 100% violation rate of two unpaid 10-minute rest breaks (e.g., 20 unpaid minutes) during each route. Third, divide the total number of alleged unpaid minutes by 60. This quotient represents the total number of alleged unpaid hours. Fourth, multiply the total number of alleged unpaid hours by the average hourly pay rate for the workdays counted under the first step. This product represents the total amount of unpaid wages sought under Count I.

38. During the relevant period, Amazon understands that DSPs in Colorado paid their Delivery Associates a regular hourly rate that exceeded $15.00. For the purposes of this Notice of Removal, however, Amazon will use $15.00 per hour to calculate alleged unpaid wages.

39. Further, Plaintiffs allege that they are entitled to statutory penalties under the Colorado Wage Claim Act. Ex. A (Compl.) ¶¶ 81, 83 (citing C.R.S. § 8-4-109). Among other potential penalties, Plaintiffs seek a penalty in the amount of the two times the alleged unpaid wages, *in addition* to the alleged unpaid wages. C.R.S. § 8-4-109(3)(b).

40. Based on the allegations of the Complaint, the CAFA threshold of $5 million in controversy is easily met. To establish at least $5 million in controversy, Colorado DSPs would have needed to handle at least 333,334 routes (i.e., 333,334 routes times 20 minutes, divided by 60, times $15 = $1,666,670, plus a penalty double that amount ($3,333,340), for a total amount in controversy of $5,000,010).

41. Based on the business records reviewed to date, Colorado DSPs handled **more than** 600,000 routes. Therefore, accepting the allegations of the Complaint as true solely for the purposes of this Notice of Removal, the minimum amount in controversy under Count I is **at least** $9 million. This is equal to 600,000 routes, multiplied by 20 minutes (allegedly unpaid rest break minutes), divided by 60 (minutes per hour), then multiplied by $15.00 (minimum hourly rate) = $3 million of

alleged unpaid rest breaks, plus a penalty double that amount ($6 million), for a total of $9 million. *See supra* ¶¶ 35-37 (summarizing calculation methodology for damages based on Plaintiffs' allegations).

42. Plaintiffs also seek their attorneys' fees under the Colorado Wage Claim Act. Ex. A (Compl.) ¶ 84; *see also* C.R.S. § 8-4-110(1)(b) (authorizing award of attorneys' fees in civil action) Where, as here, "a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998). There is no need to estimate the amount of fees here, as the amount in controversy already exceeds $5 million as set forth above. However, the availability of attorneys' fees further reinforces that the CAFA jurisdictional threshold is exceeded even when considering only Count I of the Complaint.

43. Plaintiffs also allege that they are entitled to additional amounts in Counts II, III, and IV. These potential damages are not even considered in the analysis above but would obviously further increase the amount in controversy.

44. Thus, the CAFA amount-in-controversy requirement is easily satisfied. 28 U.S.C. § 1332(d)(2).

### NOTIFICATIONS

45. Amazon will promptly provide written notice to Plaintiffs, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

46. Amazon will file a copy of its Notice of Removal with the Clerk of the District Court of Denver County, Colorado, in accordance with 28 U.S.C. § 1446(d).

### NON-WAIVER AND RESERVATION OF RIGHTS

47. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, Amazon reserves

the right to remove this action at the appropriate time.

48. Amazon reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations, or that Plaintiffs have pleaded claims upon which relief may be granted.

WHEREFORE, Defendants respectfully request that the above action now pending in the District Court of Denver County, Colorado, be removed to the United States District Court for the District of Colorado.

Dated: August 17, 2023

Respectfully submitted,

*/s/ Jennifer S. Harpole*
Jennifer S. Harpole
LITTLER MENDELSON P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202-5835
Tel. 303.629.6200
Fax 303.484.3926
JHarpole@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **Defendant's Notice of Removal** was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic filing system and has been served via United States mail, postage prepaid, and email this 17th day of August 2023, upon:

David H. Seligman
Valerie L. Collins
Alex Hood
Juno E. Turner
TOWARDS JUSTICE
303 E. 17th Ave. Suite 400
Denver, CO 80203
Tel: (720) 441-2236
david@towardsjustice.org
valerie@towardsjustice.org
alex@towardsjustice.org
juno@towardsjustice.org

Toby J. Marshall
Eric R. Nusser
TERRELL MARSHALL LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
Tel: (206) 816-6603
tmarshall@terrellmarshall.com
eric@terrellmarshall.com

Shelby Leighton
David Muraskin
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
Tel: (202) 797-8600
sleighton@publicjustice.net
dmuraskin@publicjustice.net

*Attorneys for Plaintiffs*

/s/ Carlos Garcia
Carlos Garcia