# EXHIBIT A

DocuSign Envelope ID: 1E2006BF-258F-45F9-B782-58C91D072E50

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

<table>
<tr>
<td>

LEAH CROSS, MARCO GRANGER-
RIVERA, RYAN SCHILLING, and CASSIE
WHINNIE, and those similarly situated,

   Plaintiffs,

  v.

AMAZON.COM, INC., and AMAZON
LOGISTICS, INC.

   Defendants.

</td>
<td>

Case No. 1:23-CV-02099-NYW-SBP

</td>
</tr>
</table>

## DECLARATION OF ALEXIS CANTWELL-BADYNA IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

Pursuant to 28 U.S.C. § 1746, I, Alexis Cantwell-Badyna, hereby declare as follows:

1. I am employed by Amazon and have responsibility for certain functions related to the Amazon Delivery Service Partner ("DSP") program, including the online registration process for DSP employee-drivers.

2. I make this Declaration based on my personal knowledge and my review of Amazon's business records.  If called to testify to these facts, I would be competent to do so.

3. Amazon contracts with DSPs Tasty Trails Logistics LLC (Tasty Trails), TenFour Logistics LLC (TenFour), Skybridge Delivery LLC (Skybridge), Podium Logistics LLC (Podium), Alpha Zulu Logistics LLC (Alpha Zulu), Peak Delivery Services (Peak), and Bison Peak LLC (Bison Peak) to provide local delivery services.

DocuSign Envelope ID: 1E2006BF-258F-45F9-B782-58C91D072E50

4.      For customer safety, privacy, and other reasons, before a DSP has one of its employees deliver packages to an Amazon customer's home or business, the DSP identifies that DSP's employee or prospective employee to Amazon during an online registration process.

5.      I have reviewed business records related to the online registration process to determine whether Plaintiffs Leah Cross (for DSP Skybridge), Marco Granger-Rivera (for DSPs Alpha Zulu, Podium, and Peak), Ryan Schilling (for DSP Bison Peak), and Cassie Whinnie (for DSPs Tasty Trails and TenFour) electronically agreed to and accepted the terms of the Mutual Agreement to Individually Arbitrate Disputes with each respective DSP (the "Arbitration Agreement"). The online registration system presents the full text of the Arbitration Agreement to each DSP employee or prospective employee. A true and correct copy of the Arbitration Agreement that was presented to each DSP employee or prospective employee during the online registration process is attached as **Exhibit A.**

6.      A DSP employee or prospective employee agrees to and accepts the Arbitration Agreement by clicking the "I Agree and Accept" button, which appears below the full text of the Arbitration Agreement on the individual's computer or device screen. When the DSP employee or prospective employee clicks the "I Agree and Accept" button, the system records and stores the date of the individual's agreement and acceptance.

7.       According to the online registration business records, Plaintiff Leah Cross clicked "I Agree and Accept" to the terms and conditions of the Arbitration Agreement with Skybridge on September 8, 2022.

8.      According to the online registration business records, Plaintiff Ryan Schilling clicked "I Agree and Accept" to the terms and conditions of the Arbitration Agreement with Bison Peak on August 25, 2022.

DocuSign Envelope ID: 1E2006BF-258F-45F9-B782-58C91D072E50

9.      According to the online registration business records, Plaintiff Granger-Rivera clicked "I Agree and Accept" to the terms and conditions of the Arbitration Agreement with Podium on February 26, 2020, with Alpha Zulu on November 14, 2020, and with Peak on December 10, 2022.

10.      According to the online registration business records, Plaintiff Cassie Whinnie clicked "I Agree and Accept" to the terms and conditions of the Arbitration Agreement with Tasty Trails on February 22, 2022, and with TenFour on October 18, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___November 6, 2023___, 2023 in Nashville, Tennessee

DocuSigned by:

*Alexis Cantwell-Badyna*

08306D7F2F13481...

Alexis Cantwell-Badyna

3

# EXHIBIT A

## MUTUAL AGREEMENT TO INDIVIDUALLY ARBITRATE DISPUTES

It is the Company's goal to provide you (the "Employee") with a rewarding work environment. Disputes related to work can arise, however, and, if not resolved informally, can be disruptive, costly, and time consuming to resolve. Arbitration is an alternative to the traditional lawsuit and may resolve disputes more quickly and with less cost. In a traditional lawsuit, issues are resolved in court by a judge or a jury. In arbitration, issues are resolved outside of court by an independent third-party, known as an arbitrator.

**<u>MANDATORY ARBITRATION</u>. THE EMPLOYEE AND COMPANY AGREE THAT ANY COVERED CLAIM (DEFINED BELOW), WHETHER BASED IN CONTRACT, TORT, STATUTE, COMMON LAW, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY, SHALL BE SUBMITTED TO INDIVIDUAL BINDING ARBITRATION.**

**Covered Claims.** Except as explained in the section "Claims Not Covered" below, this Mutual Agreement to Individually Arbitrate Disputes (this "Agreement") covers all past, current, and future grievances, disputes, claims, issues, or causes of action (collectively, "claims") under applicable federal, state or local laws, arising out of or relating to (a) Employee's application, hiring, hours worked, services provided, and/or employment with the Company or the termination thereof, and/or (b) a Company policy or practice, or the Company's relationship with or to a customer, vendor, or third party, including without limitation claims Employee may have against the Company and/or any Covered Parties (defined below), or that the Company may have against Employee.

The claims covered by this Agreement include, but are not limited to claims asserted under or relating to: (i) Title VII of the Civil Rights Act of 1964 and similar state statutes; (ii) Age Discrimination in Employment Act and similar state statutes; (iii) Fair Labor Standards Act or similar state statutes; (iv) Family and Medical Leave Act or similar state statutes; (v) Americans with Disabilities Act or similar state statutes; (vi) injuries you believe are attributable to the Company under theories of product liability, strict liability, intentional wrongdoing, gross negligence, negligence, or respondeat superior; (vii) actions or omissions of third parties you attribute to the Company; (viii) claims brought pursuant to actual or alleged exceptions to the exclusive remedy provisions of state workers compensation laws; (ix) Consolidated Omnibus Budget Reconciliation Act of 1985; (v) federal and state antitrust law; (xi) issues regarding benefits, bonuses, wages, penalties, co-employment, or joint employment; (xii) contracts between you and the Company; (xiii) personal or emotional injury to you or your family; (xiv) federal, state, local, or municipal regulations, ordinances, or orders; (xv) any common law, or statutory law issues relating to discrimination by sex, race, age, national origin, sexual orientation, family or marital status, disability, medical condition, weight, dress, or religion or other characteristic protected by applicable law; (xvi) wrongful retaliation of any type, including retaliation related to workers' compensation laws or employee injury benefit plan actionable at law or equity; and (xvii) misappropriation of confidential information or other acts or omissions by you.

Without limiting the above, the Employee and the Company each specifically acknowledges and agrees that all claims involving minimum wages, overtime, unpaid wages, expense reimbursement, wage statements, and claims involving meal and rest breaks shall be subject to arbitration under this Agreement.

The Employee and the Company each specifically acknowledges and agrees that any claims brought by the Employee against any of the Covered Parties, whether brought jointly or severally with claims against the Company, shall be subject to arbitration under this Agreement. "Covered Parties" means the Company, any entity formerly or currently owned, affiliated, controlled or operated by the Company (a "company entity"), clients of the Company or a company entity, and the former and current officers, directors, managers, employees, owners, attorneys, agents, and vendors of the Company and/or a company entity and/or clients of the Company.

**Claims Not Covered.** This Agreement does not apply to: (i) claims for workers' compensation or unemployment benefits; (ii) claims expressly precluded from being arbitrated by a governing federal statute; (iii)

claims that, under applicable state law that is not preempted by the Federal Arbitration Act, the parties cannot agree to arbitrate; (iv) claims that must be brought before the National Labor Relations Board ("NLRB"); (v) claims for any relief asserted under or governed by the Employee Retirement Income Security Act of 1974 ("ERISA") (the resolution of ERISA claims will be governed by the terms of the applicable plan and/or applicable law); (vi) actions to confirm, vacate, modify, or correct an arbitrator's award; (vii) sexual harassment or sexual assault claims, except if the Employee chooses to submit them to arbitration under the terms of this Agreement; and (viii) nothing in this Agreement prohibits the filing any claim or charge with a government administrative agency (for example, the Equal Employment Opportunity Commission, NLRB, Securities and Exchange Commission, or a similar state regulatory agency). To the extent such a claim is not resolved before the agency, it is subject to arbitration under this Agreement rather than proceeding in court.

**Waiver of Class, Collective, Consolidated and Representative Action Claims.** Each of the Employee and the Company expressly intends and agrees, to the absolute maximum extent permitted by law, that: (a) class action, collective action, or consolidated action procedures are hereby waived and shall not be asserted in arbitration or in court, nor will they apply in any arbitration pursuant to this Agreement; (b) representative action procedures are hereby waived and shall not be asserted in arbitration or in court, nor will they apply in any arbitration pursuant to this Agreement; (c) each will not assert class action, collective action, consolidated action or representative action claims against the other in arbitration or court or otherwise; and (d) the Employee and the Company shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. No arbitrator selected to arbitrate any claim covered by this Agreement is authorized to arbitrate any claim on a class, collective, consolidated, or representative basis.

In the event the waiver of representative actions is found to be unenforceable in whole or in part, then the representative action will be heard in court, not arbitration, as to the portion of the representative claim to which the waiver is found to be unenforceable and all other Covered Claims will remain subject to arbitration. In that event, the representative claim in court shall be stayed until the arbitration is concluded, unless such stay is contrary to applicable law.

Notwithstanding any provision in the applicable arbitration rules, a court of law must resolve any dispute concerning the validity and enforceability of the Agreement, and the validity, enforceability or interpretation of the provisions pertaining to class, collective, and representative action waivers. The arbitrator must resolve all other disputes, including the arbitrability of claims pursuant to such other provisions.

**Neutral Arbitrator.** The arbitration will be administered by an independent and neutral arbitrator from the American Arbitration Association ("AAA") in accordance with the AAA Employment Arbitration Rules and Mediation procedures ("AAA Rules") available online at www.adr.org/employment (or to be provided upon request). If, however, the AAA Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern. The arbitrator has no relationship with the Company and, just as a judge in a lawsuit would, provides an impartial resolution to the dispute. The arbitrator will be selected by mutual agreement of the parties from a list of arbitrators provided by the AAA. If for any reason the AAA will not administer the arbitration, the party seeking arbitration may initiate the arbitration with JAMS (www.jamsadr.com) or other recognized arbitration services provider.

**Claims Procedure.** A demand for arbitration must be in writing and filed with AAA. Written notice of any Company claim will be delivered by certified or registered mail, return receipt requested, to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. Written notice of arbitration shall be initiated within the same time limitations that federal or state law applies to those claim(s).

**Arbitration Fees and Costs.** The Employee will pay $200 towards any arbitration filing fee, and the Company will pay all other arbitration filing fees as well as the arbitrator's fees. If any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the party can recover attorneys' fees and costs to the same extent as if the claim had been brought in court. Any dispute as to the reasonableness of any fee or cost shall be resolved by the arbitrator.

**Applicable Law and Effect of Decisions.**

- Interpretation and Enforcement of the Agreement: The Federal Arbitration Act ("FAA") and federal common law applicable to arbitration shall govern the interpretation and enforcement of this Agreement. If, for any reason, the FAA or federal common law is found not to apply to this Agreement (or its agreement to arbitrate), then applicable state law shall govern.
- Pre-hearing Motions: Only claims that are recognized under existing law may be heard by the arbitrator. Any party to the arbitration shall have the right to file a motion to dismiss and/or a motion for summary judgment, which the arbitrator shall decide by application of the standards under the Federal Rules of Civil Procedure governing such motions.
- Substantive Law: The arbitrator shall apply the substantive state or federal law (and the law of remedies, if applicable) applicable to the claim(s) asserted.
- Written Decisions and Awards: The arbitrator shall render a written decision explaining his or her findings and conclusions. The arbitrator's decision shall be final and binding upon the parties to the arbitration, subject only to review under the FAA (or applicable state law).
- No Preclusive Effect: The arbitrator's decisions and awards shall have no preclusive effect as to issues or claims in any other arbitration or court proceeding, unless all of the parties in the other proceeding were also a named party in the arbitration in which the award or decision was issued.

**Severability.** If any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and such adjudication shall not affect the validity of the remainder of this Agreement to arbitrate. The only exception is that this Agreement is not, and shall never be construed as, reformed to be, or enforced as if it were, an agreement to arbitrate claims on a class, collective, consolidated, or representative basis. Stated differently, under no circumstance will a claim be allowed to proceed in arbitration as a class action, collective action, consolidated action, or representative action.

**Waiver of Trial by Jury. Each of the Employee and the Company understands and fully agrees that by entering into this Agreement to arbitrate, each agrees to resolve all claims through arbitration and is giving up the right to have a trial by jury and the right of appeal following the rendering of a decision except on the grounds for reviewing an arbitration award under the Federal Arbitration Act ("FAA") or applicable state law.**

**Term of Agreement.** This Agreement to arbitrate shall survive the termination of Employee's employment.

**Entire Agreement.** This Agreement constitutes the entire agreement between the Company and Employee regarding the subject matter herein and supersedes any and all prior agreements and understandings regarding the subject matter. This Agreement cannot be amended or modified except by a written agreement between the parties.

**Employee Acknowledgment.** I understand that by clicking on the "I Agree and Accept" Button below that I agree to the terms of, and agree to be bound by, this Agreement. I further agree and acknowledge that my acceptance of or continuing employment with the Company provides further evidence of my agreement to accept and be bound by the terms of this Agreement. I understand that this Agreement will remain in effect after my employment ends and that nothing in this Agreement modifies the at-will nature of my employment.