**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-02099-NYW-SBP

LEAH CROSS, MARCO GRANGER RIVERA, RYAN SCHILLING, CASSIE WHINNIE, and those similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., AND AMAZON LOGISTICS, INC.,

Defendants.

**AMENDED SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference is scheduled for March 4, 2025. Each party will be represented by counsel, including:

| **Plaintiffs Leah Cross, Marco Granger Rivera, Ryan Schilling, Cassie Whinnie, and those similarly situated.** | Amazon.com, Inc. and Amazon Logistics, Inc. |
|---|---|
| Valerie L. Collins<br>David H. Seligman<br>TOWARDS JUSTICE<br>303 E. 17th Ave. Suite 400<br>Denver, CO 80203<br>(720) 295-1672<br>(720) 441-2236<br>david@towardsjustice.org<br>valerie@towardsjustice.org | Sari M. Alamuddin<br>Patrick R. Duffey<br>Morgan, Lewis & Bockius, LLP<br>110 N. Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>(312) 324-1158<br>(312) 324-1134<br>Sari.alamuddin@morganlewis.com<br>patrick.duffey@morganlewis.com |

Toby J. Marshall
Eric R. Nusser
TERRELL MARSHALL LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
(206) 816-6603
tmarshall@terrellmarshall.com
eric@terrellmarshall.com

Shelby Leighton
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
sleighton@publicjustice.net

Hannah Kieschnick, *Pro Hac Vice Forthcoming*
PUBLIC JUSTICE
475 14th St., Suite 610
Oakland, CA 94612
(510) 622-8150
hkieschnick@publicjustice.net

David Muraskin
FARMSTAND
712 H Street NE Suite 2534
Washington, DC 20002
(202) 630-3095
david@farmstand.org

Jennifer S. Harpole
Littler Mendelson P.C.
1900 16th Street, Suite 800
Denver, CO 80202
(303) 629-6200
jharpole@littler.com

Counsel for Defendants

Counsel for Plaintiffs

## 1. STATEMENT OF JURISDICTION

This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 201 *et seq.* and 28 U.S.C. § 1332. Plaintiffs Leah Cross, Marco Granger-Rivera, and Ryan Schilling are individuals and residents of the State of Colorado. Plaintiff Cassie Whinnie is

an individual and resident of Ohio and previously resided in Colorado. Defendant Amazon.com Inc. is a Delaware corporation with its principal place of business in the State of Washington. At all times relevant to this complaint, Defendant Amazon.com, Inc. was registered with the Colorado Secretary of State to do business in Colorado and, in fact, did business in Colorado. Defendant Amazon Logistics, Inc. is a Delaware corporation with its principal place of business in the State of Washington. At all times relevant to this complaint, Defendant Amazon Logistics, Inc. was registered with the Colorado Secretary of State to do business in Colorado and, in fact, did business in Colorado. The matter in controversy exceeds the sum of $75,000.00, excluding interest and costs.

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiffs' Claims:**

Plaintiffs, and those similarly situated, worked as delivery drivers for Amazon in Colorado and allege Amazon violated the Colorado Wage Claim Act by refusing to allow delivery drivers to take duty-free paid rest breaks. These missed paid rest breaks are the result of Amazon's grueling delivery quotas, which require Plaintiffs to deliver hundreds of packages per day at break-neck speed. Amazon enforces its quota policies by using sophisticated surveillance system. Drivers who are unable to meet their quotas are reprimanded and ineligible for bonus pay. For example, any undelivered or late package is a negative demarcation on a driver's "scorecard," which is used to track delivery goals. Amazon also discourages breaks through incentives that reward drivers who work especially quickly. Similarly situated drivers are subject to the same policies.

Delivery drivers are under so much pressure to meet delivery goals that they are unable to take breaks and often do not even have time to address basic bodily needs, including the ability to

3

use the restroom. As a result, delivery drivers routinely urinate in bottles, which drivers refer to as "pee bottles," in the back of delivery vans, defecate in bags, and, in many cases, restrain themselves from using the bathroom at risk of serious health consequences. For example, Plaintiff Schilling frequently had to urinate in bottles and even had to defecate into a bag in the back of an Amazon delivery vehicle. Plaintiffs Cross, Whinnie, and Granger-Rivera have all used pee bottles to maintain Amazon's required pace of work.

Based on these and other facts contained in the complaint, Plaintiffs allege Defendant violated the Colorado Wage Act.

b.  **Defendants' Defenses to Plaintiffs' Claims:** Defendants deny Plaintiffs' allegations, including any allegation that Defendants were Plaintiffs' "employer" within the meaning of the Colorado Wage Act.  Defendants assert that Plaintiffs have been paid all wages due and owing under the Colorado Wage Act, and deny they have violated the Colorado Wage Act or any other law or regulation.  Defendants further deny that Plaintiffs and those they seek to represent meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and deny that this case is appropriate for class action treatment. Defendants incorporate by reference its Affirmative and Other Defenses submitted in this case, *see* Dkt. 50 at pp. 25-27.

### 3. UNDISPUTED FACTS

The Parties have identified the following undisputed facts:

a.  Defendant Amazon.com Inc. is a Delaware corporation with its principal place of business in the State of Washington. At all times relevant to this complaint, Defendant Amazon.com, Inc. was registered with the Colorado Secretary of State to do business in Colorado and, in fact, did business in Colorado.

4

  b. Defendant Amazon Logistics, Inc. is a Delaware corporation with its principal place of business in the State of Washington. At all times relevant to this complaint, Defendant Amazon Logistics, Inc. was registered with the Colorado Secretary of State to do business in Colorado and, in fact, did business in Colorado.

  c. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2) because a substantial part of the events or omissions giving rise to the claim alleged herein occurred in the judicial district of this Court and Defendants are entities subject to the personal jurisdiction of this Court and have the capacity to sue and be sued in their common name under applicable law in the judicial district of this Court.

  d. This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367.

## 4. COMPUTATION OF DAMAGES

  a. **Plaintiffs' computation of damages:** Damages cannot currently be calculated without class-wide discovery. The categories of relief that Plaintiffs currently anticipate obtaining on behalf of themselves and those similarly situated are listed below. Plaintiffs reserve the right to modify or supplement their response upon production of payroll data. Fed. R. Civ. P. 26.

  1. Lost wages;

  2. Compensatory damages;

  3. Statutory penalties as provided by law;

  4. Attorneys' fees;

  5. Litigation expenses as provided by law;

  6. Prejudgment and post judgment interest;

5

   7. Any other legal or equitable relief as may be appropriate.

  b. **Defendants computation of damages:** Defendants deny that Plaintiffs or the putative class action members are entitled to any relief or damages sought. Defendants are not seeking damages from Plaintiffs, but reserve the right to seek to recover their attorneys' fees and costs in defending against this litigation.

### 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

  a. **Date of Rule 26(f) meeting**: February 3, 2025.

  b. **Names of each participant and party he/she represented.** The following counsel appeared on behalf of Plaintiffs: Valerie L. Collins.  The following counsel appeared on behalf of Defendants: Sari M. Alamuddin and Patrick R. Duffey.

  c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.** The parties have agreed to exchange Rule 26(a)(1) disclosures by March 18, 2025.

  d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** No additional changes are necessary.

  e. **Statement concerning any agreements to conduct informal discovery.** The parties have not agreed to conduct informal discovery.

  f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.** The parties have agreed to conduct discovery in accordance with the Federal Rules of Civil Procedure. The parties have also agreed to develop and use a unified numbering system for each document produced or referred to during the course of this litigation. The parties have also agreed that service by email constitutes proper service under the Federal Rules of Civil Procedure. Finally, the parties

will conduct remote depositions when they agree such depositions are appropriate or necessary. The parties will continue to explore the possibility of other such agreements or procedures as the case progresses.

    g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of discovery or discovery will involve information or records maintained in electronic form.** The parties do not anticipate issues with electronically stored information and are not aware of any issues relating to disclosure of discovery of ESI that need to be addressed by the Court at this time. The parties anticipate production of ESI in reasonably usable format.

    h.    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** The parties are open to exploring the possibility of settlement but believe that preliminary discovery is necessary to determine the extent to which a prompt resolution may be appropriate.

## 6. CONSENT

All parties   ☐   have   **X**   **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 7. DISCOVERY LIMITATIONS FOR PRE-CERTIFICATION (PHASE ONE) DISCOVERY

    a.    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** The parties propose limits of 10 depositions per side and 25 interrogatories per side, including discrete subparts, consistent with the Federal Rules of Civil Procedure.

b. **Limitations which any party proposes on the length of depositions.** The parties propose that depositions be limited to seven hours per day and continue each day until each such deposition is complete consistent with the Federal Rules of Civil Procedure.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.** The parties propose to limit the number of requests for production to 25 per side and requests for admission to 25 per side.

d. **Deadline for service of interrogatories, requests for production of documents and/or admissions.** ~~The parties will serve interrogatories, requests for production of documents, and/or admissions far enough in advance of the close of discovery to permit the other side time to respond before the close of discovery, in accordance with the Federal Rules.~~ October 17, 2025

e. **Other Planning or Discovery Orders.** No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCiv R 7.1(a). The parties will submit a motion for entry of protective order, ESI protocol, and claw-back agreement.

### 9.  CASE PLAN AND SCHEDULE FOR PHASE ONE

a. **Deadline for Joinder of Parties and Amendments of Pleadings:** Any motions to join other parties or amend the pleadings must be filed by April 18, 2025. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15.

b. **Fact Discovery Cut-off:** The parties propose a pre-certification fact discovery cut-off of December 1, 2025. ~~The parties anticipate that additional discovery, including some expert discovery, may be necessary following the Court's Order on Class Certification, and therefore request a status conference with the Court to be scheduled 21 days after a ruling on Class~~

8

~~Certification to address a schedule for post-certification discovery and any necessary post-certification motion practice.~~

c. **Class certification:** The parties propose that Plaintiffs' Fed. R. Civ. P. 23 motion for class certification to be filed by April 15, 2026.

d. **Dispositive Motion Deadline as to Named Plaintiffs' Claims:** April 15, 2026.

e. **Expert Witness Disclosure**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

**Plaintiff:** At this time, Plaintiffs anticipate designating a statistics expert, one or two experts as to damages, and any necessary rebuttal experts. Plaintiffs reserve the right to retain any necessary experts as discovery proceeds.

**Defendants:** Defendants may retain any experts necessary to rebut Plaintiffs' experts. Defendants reserve the right to retain any necessary experts as discovery proceeds.

2. **Limitations which the parties propose on the use or number of expert witnesses.** ~~The parties do not propose limitations beyond those set forth in the Federal Rules.~~ For the purposes of Phase One discovery, each side shall be limited to **4** retained expert witnesses, inclusive of rebuttal experts, absent leave of court.

3. **The parties shall designate all experts to be relied upon in a motion for class certification or dispositive motion and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** January 8, 2026.

4. **The parties shall designate all rebuttal experts to be relied upon in a motion for class certification or dispositive motion and provide opposing counsel and any**

9

pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: February 9, 2026.

5. **The parties shall complete depositions of experts and rebuttal experts to be relied upon in a motion for class certification or dispositive motion on or before:** March 9, 2026.

    f.    **Identification of Persons to Be Deposed:**

    1.    **Plaintiff:** At this time, Plaintiffs anticipate taking corporate representative depositions of each Defendant, pursuant to Rule 30(b)(6). Plaintiffs also anticipate taking the depositions of at least three individuals identified by Defendants in their disclosures as having knowledge of the facts of this case. Further, Plaintiffs anticipate taking the deposition of any experts identified by Defendants. As discovery progresses, the parties will identify the persons to be deposed and will work cooperatively together to appropriately schedule all depositions on dates on which both the deponent and counsel for all parties are available.

Plaintiffs anticipate the expected length of each deposition to be seven hours.

    2.    **Defendants:** At this time, Defendants anticipate taking the depositions of Named Plaintiffs Leah Cross, Marco, Granger Rivera, Ryan Schilling, and Cassie Whinnie. Defendants also anticipate taking the deposition of any experts identified by Plaintiffs. Defendants anticipate the expected length of each deposition to be seven hours.

**10.  DATES FOR FURTHER CONFERENCES**

    a.    Status conferences will be held in this case at the following dates and times: _____.

A telephonic Status Conference is set for **January 6, 2026**, at **10:00 a.m.**, before Magistrate Judge Susan Prose. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.

Upon disposition of any motion for class certification under Fed. R. Civ. P. 23, this Court shall issue an order setting a second scheduling conference to govern the remainder of the case.

~~b.      A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

**11. OTHER SCHEDULING MATTERS**

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good-faith effort, were unable to reach an agreement.** The parties are in agreement on the discovery and scheduling plan.

b. **Anticipated length of trial and whether trial is to the court or jury.** The length of trial will be highly dependent upon the Court's class certification order and any procedural rulings regarding conducting a trial on a class wide basis. Accordingly, the Parties cannot determine the anticipated length of trial at this time.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. 1060 E. 2nd**

**Avenue, Suite 150, Durango, Colorado 81301.** The parties do not believe any proceedings may be more efficiently or economically conducted at those District Court facilities.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCiv R 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCiv R 7.1(a).

Counsel and unrepresented parties are reminded that any change in contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause.

Dated at Denver, Colorado, this 6th day of March, 2025.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge