## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02099-NYW-SBP

LEAH CROSS,
MARCO GRANGER-RIVERA,
RYAN SCHILLING, and
CASSIE WHINNIE, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

AMAZON.COM, INC., and AMAZON LOGISTICS, INC.,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on Defendants Amazon.com, Inc. and Amazon Logistics, Inc.'s Motion to Stay Proceedings (the "Motion," ECF No. 72), filed November 11, 2025. Judge Nina Y. Wang referred this motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and the Order of Reference dated August 18, 2023 (ECF No. 9), which referred all non-dispositive pretrial matters — including discovery and other non-dispositive motions — to the undersigned United States Magistrate Judge. ECF No. 73. Plaintiffs filed their Opposition on December 2, 2025 (ECF No. 74), and Defendants filed their Reply on December 16, 2025 (ECF No. 76). The court has carefully reviewed all submissions, the full case record, and the relevant law. For the reasons set forth below, the Motion is respectfully **GRANTED.**

## BACKGROUND

### A. The Parties and Claims

Plaintiffs Leah Cross, Marco Granger-Rivera, Ryan Schilling, and Cassie Whinnie are current and former local delivery drivers who worked for Delivery Service Partners (DSPs) — logistics companies that contract with Amazon to make last-mile package deliveries to customers in Colorado. ECF No. 25 at 2. The DSPs for whom Plaintiffs worked make exclusively local deliveries within Colorado, picking up packages at Amazon warehouses and completing their routes within a local delivery area. *Id.* As part of their onboarding with their respective DSP employers, each Plaintiff executed a Mutual Agreement to Individually Arbitrate Disputes. ECF No. 25 at 3; ECF No. 25-1 at 6. The arbitration agreements cover wage-and-hour and discrimination claims, include Amazon as a covered third-party beneficiary, and contain class-action waivers providing that "class action, collective action, or consolidated action procedures are hereby waived and shall not be asserted in arbitration or in court." ECF No. 25-1 at 6.

Plaintiffs originally filed this action in Denver County District Court in May 2023. ECF No. 1. Amazon removed the case to this Court on August 17, 2023. *Id.* Following removal, Judge Wang was assigned the case and referred it to the undersigned for non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). ECF Nos. 4, 9. Plaintiffs filed a First Amended Complaint on October 9, 2023, asserting individual and class claims under federal, state, and local wage-and-hour laws, as well as claims for disparate impact discrimination under the Colorado Anti-Discrimination Act (CADA) on behalf of Plaintiffs Cross and Whinnie. ECF No. 24.

**B. Judge Wang's Ruling on Arbitrability**

On November 6, 2023, Amazon moved to compel arbitration before Judge Wang, arguing that Plaintiffs' last-mile delivery work does not qualify for the Federal Arbitration Act's (FAA) Section 1 transportation-worker exemption because Plaintiffs make strictly local deliveries within Colorado and do not transport goods across interstate or foreign borders. ECF No. 25 at 7–8. Judge Wang managed the briefing on that motion directly, extending Plaintiffs' response deadline (ECF No. 27), striking a noncompliant brief (ECF No. 36), and managing supplemental authority submissions (ECF No. 45). Meanwhile, the parties jointly moved to vacate the scheduling conference and stay discovery pending the motion's resolution (ECF No. 29), which Judge Wang referred to the undersigned (ECF No. 30). The undersigned granted that motion, staying discovery and vacating the scheduling conference pending Judge Wang's resolution of the motion to compel. ECF No. 31.

On September 30, 2024, Judge Wang issued her ruling on the motion to compel. ECF No. 46. Judge Wang held that Amazon could enforce the arbitration agreements as a third-party beneficiary. *Id.* at 8, 10. However, Judge Wang concluded that Plaintiffs qualify as transportation workers exempt from the FAA because their last-mile delivery of interstate Amazon shipments "is part of an integrated interstate journey rather than a separate and independent intrastate journey." *Id.* at 15–17. Finding the FAA inapplicable, Judge Wang applied Colorado law and concluded that Plaintiffs' Colorado Wage Claim Act (CWCA) claims could not be compelled to arbitration, but that their remaining wage claims could. *Id.* at 17–23. Judge Wang administratively closed the case pending arbitration of Counts II, III, and V. ECF Nos. 46, 47.

Rather than pursue arbitration of those claims, Plaintiffs amended their complaint to

withdraw them. ECF No. 48. On January 6, 2025, Judge Wang reopened the case and granted

Plaintiffs leave to file a Second Amended Complaint, directing that Plaintiffs include only

exhausted claims. ECF No. 51. Plaintiffs filed their operative Second Amended Complaint on

January 10, 2025, asserting a single cause of action under the CWCA on behalf of themselves

and a putative class of Amazon delivery drivers in Colorado. ECF No. 53. Amazon answered on

January 27, 2025. ECF No. 55.

### C.  Discovery and the Current Scheduling Order

Following the case's reopening, the undersigned reset the scheduling conference (ECF

No. 52), which was held on March 4, 2025 (ECF No. 57). The undersigned entered a Preliminary

Scheduling Order on March 5, 2025 (ECF No. 58), later amended on March 6, 2025, to govern

class certification proceedings under Fed. R. Civ. P. 23 (ECF No. 59). The parties thereafter

engaged in pre-certification discovery, including disputes over Plaintiffs' requests for a complete

class list — a list Amazon declined to produce — which led Plaintiffs to serve subpoenas on

fourteen third-party DSPs. ECF No. 74 at 3.

The parties agreed to two successive extensions of all pre-certification deadlines. On

November 5, 2025, they filed a Stipulated Motion to Amend the Scheduling Order (ECF No. 69),

which the undersigned granted on November 10, 2025 (ECF No. 71). On February 20, 2026, the

parties filed a Second Stipulated Motion to Amend (ECF No. 77), which the undersigned granted

on February 24, 2026 (ECF No. 79). The operative scheduling order now sets the following

deadlines: written discovery deadline of May 20, 2026; fact discovery cut-off of July 6, 2026;

affirmative expert disclosures of August 14, 2026; rebuttal expert disclosures of September 15,

2026; expert discovery cut-off of October 13, 2026; and class certification motion deadline of

November 19, 2026. ECF No. 79. A Status Conference is set for August 10, 2026 before the undersigned. *Id.*

On December 3, 2025, the undersigned found that pending discovery disputes between the parties were not susceptible to informal resolution and directed the parties to file appropriate motions to compel or motions for protective order by December 17, 2025. ECF No. 75. Those disputes remain pending before the undersigned.

**D.  *Flower Foods, Inc. v. Brock* and the Supreme Court's Grant of Certiorari**

In her ruling, Judge Wang acknowledged the absence of binding Tenth Circuit precedent on the transportation-worker exemption as applied to last-mile drivers at the time of her decision. ECF No. 46 at 15. Shortly thereafter, the Tenth Circuit decided *Brock v. Flower Foods, Inc.*, 121 F.4th 753 (10th Cir. 2024), holding that last-mile delivery drivers who make the final intrastate leg of an interstate delivery route are transportation workers engaged in interstate commerce and exempt from the FAA — consistent with Judge Wang's reasoning in ECF No. 46. *Id.* at 762–63.

On October 20, 2025, the Supreme Court granted certiorari to review the Tenth Circuit's decision. *Flower Foods, Inc. v. Brock*, 146 S. Ct. 327 (2025). The question presented is: Are workers who deliver locally goods that travel in interstate commerce — but who do not transport the goods across borders nor interact with vehicles that cross borders — transportation workers engaged in foreign or interstate commerce for purposes of the FAA's § 1 exemption? *Flower Foods, Inc. v. Brock* , Oyez, https://www.oyez.org/cases/2025/24-935 (last visited March 24, 2026). If the Supreme Court reverses *Brock*, the controlling Tenth Circuit precedent that supports the Court's ruling in ECF No. 46 will be overruled, and the Court will be required to reconsider that ruling under the new controlling standard. The decision is expected no later than the end of

June 2026. On November 11, 2025 — the same day the undersigned's order granting the parties' first scheduling extension was entered — Amazon filed its Motion to Stay. ECF No. 72.

## LEGAL STANDARD

A district court has broad discretion to stay proceedings as an incident to its power to manage its own docket. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Where, as here, a party seeks a stay pending resolution of a separate proceeding, courts apply the framework set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936). *See Cupat v. Palantir Techs., Inc.,* No. 22-cv-02384-CNS-SKC, 2023 WL 2585298, at *1 (D. Colo. Mar. 21, 2023). Under that framework, "[a] trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action . . . pending resolution of independent proceedings which bear upon the case." *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

Courts in this District weigh the following *Landis* factors: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Cupat*, 2023 WL 2585298, at *2 (citing *Landis*, 299 U.S. at 254); *Geiger v. Chubb Grp.,* No. 23-cv-01080-PAB-KAS, 2025 WL 808365, at *2 (D. Colo. Mar. 14, 2025). Courts also consider the similar *String Cheese* factors: (1) the plaintiff's interest in proceeding expeditiously

and potential prejudice from delay; (2) the burden on the defendant; (3) convenience to the court;
(4) interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus
Shows, Inc.*, No. 05-cv-01934-LTB-PA, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006). As
the parties agree, *Landis* governs here. ECF No. 74 at 7 n.2. Under either framework, and for the
reasons below, a stay is warranted.

**DISCUSSION**

### A.  The Court's Prior Ruling Does Not Foreclose a Stay

Plaintiffs argue at the outset that because Judge Wang already decided the FAA
exemption question in ECF No. 46, the Supreme Court's forthcoming decision in *Brock* is
irrelevant to this litigation and a stay is therefore unwarranted. ECF No. 74 at 5–6. The
undersigned respectfully disagrees. Although no motion to compel arbitration is currently
pending, the Supreme Court's decision will directly govern whether Defendants may seek
reconsideration of Judge Wang's prior arbitrability ruling and whether this case may proceed in
this forum at all.

The Tenth Circuit's opinion in *Brock v. Flower Foods, Inc.*, 121 F.4th 753 (10th Cir.
2024), constitutes the controlling circuit precedent that undergirds Judge Wang's ruling in ECF
No. 46. When the Supreme Court issues its decision, that ruling will carry full retroactive effect
and apply to all cases still open on direct review. *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97
(1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the
controlling interpretation of federal law and must be given full retroactive effect in all cases still
open on direct review and as to all events, regardless of whether such events predate or postdate
our announcement of the rule."). If the Supreme Court reverses *Brock*, this Court would be

7

obligated to reconsider ECF No. 46 under the new controlling rule. *See Lucero v. Nationwide Mut. Ins. Co.,* No. 1:19-CV-00311-WJ-JMR, 2023 WL 11816350, at *1 (D.N.M. May 23, 2023) (granting stay and noting that court "would likely be obligated to revisit [its] previous ruling if the Supreme Court answers the certified question in [the relevant case] while this case is still pending"); *Flying J Inc. v. Spring Commc'ns Co.*, No. 1:99-cv-111, 2006 WL 1473338, at *1 (D. Utah May 22, 2006) (granting stay where district court had previously ruled on the very issue for which certiorari was granted); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 1:18-cv-00328-KWR-SCY, 2023 WL 2973962, at *2 (D.N.M. Apr. 17, 2023) ("Although the Court previously issued a decision regarding [the issue], the [higher court] could disagree with that decision.").

The fact that Judge Wang has already ruled in ECF No. 46 does not insulate that ruling from the retroactive application of new Supreme Court precedent. The law of the case doctrine is "a flexible [rule] that allows courts to depart from erroneous prior rulings, as the underlying policy of the rule is one of efficiency, not restraint of judicial power." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007). And efficiency — the conservation of the parties' and courts' resources while awaiting a controlling decision — is precisely what the stay serves. There is no benefit in conducting months of expensive class-wide discovery and briefing if this Court will shortly be required to revisit whether Plaintiffs' sole remaining claim belongs in federal court at all.

Here, the Supreme Court is reviewing *Brock* — the Tenth Circuit decision that confirmed and became the controlling authority for exactly what the Court decided in ECF No. 46.

### B. The *Landis* Factors Favor a Stay

#### 1. Prejudice to Plaintiffs is Speculative and Minimal

Plaintiffs contend that a stay will prejudice their ability to develop the factual record, particularly because third-party DSPs — who lack the preservation obligations of parties — may allow relevant evidence to be lost during the stay, and because witness memories will fade. ECF No. 74 at 9–10, 13. The undersigned takes these concerns seriously but concludes they are insufficient to defeat the stay.

Plaintiffs have not identified any specific evidence at imminent risk of loss, any particular witness whose memory is especially vulnerable, or any third-party data retention policy under which relevant records would be deleted during the period of the anticipated stay. This omission is significant. Courts that have found cognizable prejudice from discovery delays have required concrete, documented showings — not generalized speculation. *See Childress v. DeSilva Auto. Servs., LLC*, No. CIV 20-0136 JB\JHR, 2020 WL 3572909, at \*12 (D.N.M. July 1, 2020) (finding prejudice where plaintiff demonstrated a specific 30-to-45 day data deletion policy at a named third-party telephone provider under which relevant call records would be permanently destroyed). No such showing has been made here. The concern Plaintiffs raise — that third parties "may" not preserve evidence — is a generic risk present in virtually every complex civil case and is insufficient to defeat a stay. *Colombia v. Experian Info. Sols., Inc.,* No. 24-cv-02522-NYW-SBP, 2025 WL 1068586, at \*1 (D. Colo. Apr. 9, 2025) (granting stay where plaintiff's general interest in proceeding expeditiously did not outweigh other factors); *Burke v. Alta Colleges, Inc.*, No. 11-cv-02990-WYD-KLM, 2012 WL 502271, at \*2–3 (D. Colo. Feb. 15, 2012) (granting stay where plaintiff offered only conclusory assertions of prejudice and failed to

9

identify any non-speculative risk of evidence loss).

The anticipated stay is also of limited duration. The *Brock* case is expected to be decided no later than the end of June 2026 — approximately three months from the date of this Order. Any potential limitations-period prejudice to absent class members is mitigated by the tolling doctrine recognized in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 550–51 (1974), under which the filing of a class action suspends the running of the statute of limitations for putative class members. *See also Burke,* 2012 WL 502271, at *3.

This factor thus weighs against a stay only modestly, and is outweighed by the remaining considerations.

### 2. The Hardship to Amazon of Proceeding is Concrete and Substantial

Amazon's hardship is immediate and concrete. As of the filing of this motion, the parties are engaged in contentious class-wide discovery, including a live dispute over Plaintiffs' demands for a complete class list that has prompted subpoenas against fourteen third-party DSPs. ECF Nos. 74, 75. Absent a stay, the parties will spend the coming months on depositions, expert discovery, and comprehensive class certification briefing — all of which may be rendered entirely moot by the Supreme Court's *Brock* decision.

If the Supreme Court reverses *Brock* and Judge Wang grants reconsideration of ECF No. 46, every resource invested in class-wide proceedings will have been wasted. If class certification is granted before *Brock* issues and is then vacated on reconsideration, the parties and both courts will face the additional burden of unwinding a certified class — a procedural morass that a stay would entirely avoid. *Cupat*, 2023 WL 2585298, at *3–4.

More fundamentally, requiring Amazon to participate in class-wide discovery now

deprives it of the practical benefit it bargained for — as a third-party beneficiary — of the class-action waiver in Plaintiffs' arbitration agreements. *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-cv-01855-DDD-NRN, 2020 WL 6565229, at *3 (D. Colo. Nov. 9, 2020) ("by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration" (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991))). The class-wide discovery Plaintiffs seek — a complete class list across fourteen DSPs, depositions, and expert reports aimed at class certification — far exceeds what would be permissible in individual arbitration, and the harm from conducting it cannot be undone. *Spain v. Johnson*, No. 23-cv-00419-DDD-SBP, 2023 WL 12189680, at *3 (D. Colo. Sept. 25, 2023). This factor weighs strongly in favor of a stay.

Plaintiffs counter that discovery costs are ordinary burdens of litigation insufficient to establish undue hardship. That principle applies to ordinary individual discovery — not to class-wide proceedings that the arbitration agreement was specifically designed to preclude and that may be rendered entirely moot within months.

### 3. The Orderly Course of Justice Strongly Supports a Stay

The Supreme Court's decision in *Flower Foods v. Brock* is expected to address the legal question underlying the arbitrability of Plaintiffs' remaining CWCA claim. If the Supreme Court adopts a different interpretation of the FAA exemption, the Court may be required to reconsider its prior ruling in ECF No. 46 in light of intervening authority. Such a development could alter the procedural posture of this case, including whether Plaintiffs' claims proceed in this forum. If the Supreme Court affirms, the case will proceed under a clarified legal framework. In either event, awaiting that decision is likely to reduce uncertainty, promote the efficient use of judicial

11

resources, and avoid potentially duplicative proceedings. *Cupat*, 2023 WL 2585298, at \*4; *Ulery v. AT&T Mobility Servs., LLC*, No. 20-cv-02354-PAB-KMT, 2020 WL 7333835, at \*3 (D. Colo. Dec. 12, 2020); *Mina v. Red Robin Int'l, Inc.,* No. 20-cv-00612-RM-NYW, 2021 WL 5770230, at \*4 (D. Colo. Dec. 6, 2021).

The wisdom of this approach is confirmed by the experience of courts in this District in precisely analogous circumstances. In *Vernon v. Qwest Communications International, Inc.*, No. 09-cv-01840-WYD-CBS (D. Colo. Sept. 29, 2010) (ECF No. 110), Chief Judge Daniel stayed a consumer class action — including a pending motion to compel arbitration — upon the Supreme Court's grant of certiorari in *AT&T Mobility LLC v. Concepcion*, 130 S. Ct. 3322 (2010), finding simply that "the interests of justice are best served by a stay." The approach proved sound: after *Concepcion* issued, the renewed motion to compel was granted in full and all class claims were sent to individual arbitration. *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1160 (D. Colo. 2012). The circumstances here are materially identical. A Supreme Court decision directly bearing on the FAA arbitrability of Plaintiffs' claims is imminent, and the interests of justice favor awaiting that decision before the parties and the courts invest further resources in class-wide proceedings that may shortly be rendered moot.

Plaintiffs argue that judicial economy "should rarely, if ever, lead to curtailment of access to the courts." ECF No. 74 at 12 (quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983)). However, Amazon is not seeking to eliminate Plaintiffs' access to the courts; it is seeking a brief pause while the Supreme Court resolves the threshold question of which forum is appropriate. That is precisely the efficiency-preserving measure that *Landis* contemplates. *Landis*, 299 U.S. at 254. Plaintiffs also cite *Green*

12

*v. Fishbone Safety Solutions, Ltd.*, 303 F. Supp. 3d 1086, 1097 (D. Colo. 2018), for the proposition that courts should not stay cases pending decisions in unrelated proceedings. But *Green* involved a Tenth Circuit appeal having no binding effect on the district court's analysis. Here, the Supreme Court is reviewing the controlling Tenth Circuit precedent that was the express legal foundation of Judge Wang's ruling in this very case. This factor weighs strongly in favor of a stay.

### 4.  Nonparty and Public Interests Favor a Stay

Absent class members will suffer no limitations-period prejudice from the stay, as their claims are tolled by the pendency of this action. *Am. Pipe,* 414 U.S. at 550–51; *Burke*, 2012 WL 502271, at *3. To the extent Plaintiffs argue that tolling does not address the risk of lost evidence for potential class members, the undersigned notes again that Plaintiffs have identified no specific evidence in the hands of nonparties that faces imminent destruction during this short stay. ECF No. 76 at 5.

The public interest is best served by avoiding resource-intensive class proceedings that a decision from the Supreme Court may render entirely moot within months. *Ulery*, 2020 WL 7333835, at *3 ("The general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose."); *Decker v. 'Murica LLC,* No. 19-cv-00104-MSK-SKC, 2019 WL 10250758, at *3 (D. Colo. Oct. 9, 2019). A stay also serves the well-established federal policy favoring arbitration. *Sanchez v. Nitro-Lift Techs., L.L.C.*, 762 F.3d 1139, 1145 (10th Cir. 2014).

Taken together, a consideration of all relevant factors favors a stay.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay Proceedings (ECF No. 72)

is **GRANTED**.[1] All proceedings in this action — including all discovery deadlines, pending and

anticipated discovery motions, and class certification briefing — are hereby **STAYED** pending

the Supreme Court's issuance of its decision in *Flower Foods, Inc. v. Brock*, No. 24-935.

Within **14 days** of the Supreme Court issuing its decision in *Brock*, the parties shall file

a **Joint Status Report** advising the Court of the decision and its implications for this litigation,

and proposing an amended case schedule consistent with the Supreme Court's ruling. The Status

Conference currently set for August 10, 2026 (ECF No. 79) is **VACATED** and will

be **RESET** by separate order following receipt of the parties' Joint Status Report.

DATED: March 24, 2026                          BY THE COURT:

_____

Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

14